UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

**UNITED STATES OF AMERICA,**

    v.                                                              CR NO. 07-207 (RJL/JMF)

**RUSSELL CARLTON PALMER,**

    **Defendant.**

---

## DETENTION MEMORANDUM

This matter comes before me upon the application of the United States that the defendant be detained pending trial. After a hearing, the government's motion was denied and this memorandum is submitted to explain the reasons for my decision.

## FINDINGS OF FACT

1. The returned indictment charges two sets of drug transactions separated by four years.

2. The grand jury charges that on October 9, 2003, the defendant sold 26.3 grams of cocaine to an undercover officer and then sold 59.2 grams of cocaine on September 16, 2003.[1]

3. These transactions were audio and video taped.

4. The grand jury also charges that on July 25, 2007, the defendant sold two rocks of crack cocaine to an undercover officer. Shortly thereafter, the police searched defendant's car and found 11 ziplocks of heroin, 10 marijuana cigarettes, and two more ziplocks of crack. They also found approximately $3,000 in cash in that car.

---

[1] At this point, it is not clear why the 2003 charges were not prosecuted sooner.

**The Statutory Standard**

Defendants who are charged with an offense for which a term of imprisonment of 10 years is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801 *et seq.*), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951 *et seq.*), or the Maritime Drug Law Enforcement Act (46 U.S.C. §§ 1901 *et seq.*) are eligible for pretrial detention. 18 U.S.C. § 3142(f)(1)(C). If there is probable cause to believe that the defendant committed an offense for which a maximum term of imprisonment of 10 years or more is prescribed in those three statutes, it is presumed that there is no condition or combination of conditions which will reasonably assure the appearance of the defendant and the safety of the community. 18 U.S.C. § 3142(e). In determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer is to consider:

1. The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

2. The weight of the evidence;

3. The history and characteristics of the person, including

    a. His character, physical and mental condition, family ties, employment, financial resources, length of residence in the community and community ties;

    b. Past conduct, history relating to drug or alcohol abuse;

    c. Criminal history;

    d. Record concerning appearance at court proceedings;

    e. Whether, at the time of the current offense or arrest, the person was on probation, parole, or on other release pending trial, sentencing, appeal or completion of sentence for an offense under Federal, State or local law;

    4.    The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142.

An examination of these factors compels me to conclude that the defendant should be enrolled in the High Intensity Supervision Program in lieu of being detained.

**The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug.** The drug involved is of course a narcotic drug and the indictment charges that the defendant sold it on two occasions.

**Defendant's character, physical and mental condition, family ties, employment, financial resources, and length of residence in the community.** The defendant has resided in this community all of his life. He will live with Mrs. Anita Bonner (whom I have met and interviewed) in a house on Harvard Street. Ms. Bonner is employed by the Points of Light Foundation. Defendant has been employed as driver for Kinko's Fed Ex for four and one half years.

**The weight of the evidence.** The government indicates that the 2003 transactions were taped and all the sales were to undercover officers. Additional drugs were found in the defendant's car. At this point, he faces a strong government case.

**History relating to drug or alcohol abuse.** There is no information available on this factor.

**Record concerning appearance at court proceedings and prior criminal record; whether on probation or parole at the time of the present offense.** The defendant is a recidivist who faces life imprisonment because of his prior convictions. More specifically, he was convicted in 1985 of distribution of heroin and his probation in that case was revoked. He

was also convicted of distribution of cocaine in 1999 and is still on parole in that case. Indeed, as noted in my earlier order, a parole violation warrant may be imminent.

## CONCLUSION

This is a close case. As I have pointed out, this is the only case I can recall in which I have not detained a defendant who was on parole and was re-arrested on charges that make him eligible for detention.

I appreciate that there is now probable cause to believe that he committed a felony while on parole and the new criminal behavior is identical in nature to the crimes for which he is on parole. I also appreciate that he is a recidivist, eligible for life imprisonment if convicted.

On the other hand, he has never failed to appear when he has been required to do so. He has continued to appear as required even though he knew that the government was seeking his detention. His counsel represents to me that his compliance with the conditions of his parole was so exemplary that his probation officer contemplated not seeking a warrant. He has been employed at the same job for four years and will have a stable residence with Ms. Bonner, with whom he has had a long-term relationship. Most importantly, since the Parole Commission has not issued a warrant, the Pre-Trial Services Agency will now permit him to be enrolled in the in the High Intensity Supervision Program, where he will be subject to electronic monitoring and all the other demands of that program. If the parole warrant issues, this all becomes academic. But, if it does not, the defendant will be subject to two forms of judicial supervision. His compliance with the conditions of his parole and the intensity of the supervision I have ordered permits me to conclude that I can reduce the risk that he will resume criminal behavior to a tolerable level. I therefore have denied the government's motion for his detention.

                                                          **/s/**
                                          **JOHN M. FACCIOLA**
                                          **UNITED STATES MAGISTRATE JUDGE**

**September 13, 2007**