

U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

FILED
FEB 1 3 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

January 3, 2008

Mary Petras, Esquire
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Washington, D.C. 20004

    Re:    <u>United States v. Russell Carlton Palmer</u>, Cr. No. 07-207 (RJL)

Dear Ms. Petras:

    This letter confirms the agreement between your client, Russell Carlton Palmer, and the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). If your client accepts the terms and conditions of this offer, please have him execute this document in the space provided below. Upon receipt of the executed document, this letter will become the plea agreement. The terms of the offer are as follows:

<u>Mr. Palmer's Obligations, Acknowledgments, and Waivers</u>:

    1.    Your client, Russell Carlton Palmer, agrees to admit guilt and enter a plea of guilty in this case to count two of the pending indictment, Unlawful Distribution of 50 Grams or More of Cocaine Base, in violation of 21 U.S.C. Sections 841(a)(1) and 841(b)(1)(A)(iii). Your client understands that pursuant to 21 U.S.C. Sections 846, 841(a), and 841(b)(1)(A), the charge carries a mandatory-minimum term of imprisonment of 10 years and a maximum term of imprisonment of life, a term of supervised release of at least five years, and a fine of up to $4,000,000. In addition, your client agrees to pay a special assessment of $100 to the Clerk of the United States District Court for the District of Columbia prior to the date of sentencing. Your client further understands that he will be sentenced according to 18 U.S.C. Sections 3553(a) and 3553(c) through (f), upon consideration of the United States Sentencing Guidelines Manual ("Sentencing Guidelines"). Your client further understands that pursuant to 18 U.S.C. Section 3571 and Section 5E1.2 of the Sentencing Guidelines, the Court may also impose a fine that is sufficient to pay the federal Government the costs of any imprisonment, term of supervised release, and period of probation.

    2.    Your client knows that it is the Government's position that he has two prior convictions for a felony drug offense, and thus he may be subject to the guideline penalties provided

Page 1 of 6



for in the career offender statutes and provisions of the Sentencing Guidelines. Were your client deemed a career offender, he would be, assuming he received a three-level reduction for acceptance of responsibility, at offense level 34, criminal history category VI, which would put his sentencing range at 262 to 327 months (21 years, 10 months to 27 years, 3 months) of imprisonment. If your client does not qualify under career offender guidelines, then the parties agree that his base offense level would be 30, and, assuming a three-level reduction for acceptance of responsibility and criminal history category of III, his range under the Sentencing Guidelines would be 87 to 108 months (7 years, 3 months to 9 years) of imprisonment.

3.      Your client agrees and will acknowledge at the time of the plea of guilty to the criminal charge stated above that pursuant to Section 1B1.3 of the Sentencing Guidelines, he is accountable for more than 50 grams but less than 150 grams of cocaine base.

4.      Your client and the Government agree that a sentence ranging from 120 to 156 months (10 to 13 years) of imprisonment is an appropriate sentence for the offense to which your client is pleading guilty. The Government also agrees, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, to present this plea agreement between the parties to the Court for its approval. If the Court accepts the plea agreement and agrees to sentence the defendant within the proposed sentencing range, then the Court will inform the defendant, pursuant to Rule 11(c)(4) of the Federal Rules of Criminal Procedure, that the judgment will include a sentence within the proposed sentencing range. The parties understand, however, that in light of other factors the Court may not agree that such a sentence is an appropriate one and may reject the plea agreement pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure. Your client understands that if this happens, the Court, in accordance with the requirements of Rule 11(c)(5), will inform the parties of its rejection of the plea agreement, and will afford your client an opportunity to withdraw the plea, or, if your client persists in his guilty plea, will inform your client that a final disposition may be less favorable to your client than that contemplated by this agreement. This agreement with respect to the appropriate sentence affects only the term of imprisonment; the otherwise applicable statutory and Sentencing Guidelines provisions are applicable to other sentencing incidents, such as a fine and term of supervised release.

5.      Your client understands that should the Court not accept the recommended sentencing range and your client not withdraw his plea, sentence in this case will be imposed in accordance with 18 U.S.C. Sections 3553(a) and 3553(c) through (f), upon consideration of the Sentencing Guidelines; that the sentence to be imposed is a matter solely within the discretion of the Court; and that the Court is not obligated to follow any recommendation of the Government at the time of sentencing.

6.      Should the Court not agree that the sentence agreed upon by the parties is appropriate, and if your client does not thereafter withdraw his plea, your client and the Government agree to the following: Your client will be sentenced upon consideration of the Sentencing Guidelines. The Government agrees that it will not seek any additional increases in your client's base offense level other than for his status as a career offender. The Government further agrees that it will not seek an upward departure from the otherwise applicable guideline range established by the Sentencing Guidelines. Your client understands and acknowledges that the terms of this paragraph apply only

to conduct that occurred prior to the execution of this agreement. Should your client commit any conduct after the date of this agreement that would form the basis for an increase in your client's base offense level or justify an upward departure (examples of which include, but are not limited to, obstruction of justice; failure to appear for a court proceeding; criminal conduct while pending sentencing; and false statements to law enforcement agents, the probation officer, or Court), the Government is free under this agreement to seek an increase in the base-offense level based on that post-agreement conduct.

7. Your client agrees not to object to the Government's recommendation to the Court at the time of the plea of guilty in this case that, pursuant to 18 U.S.C. Section 3143, your client be detained without bond pending his sentencing in this case.

8. In entering this plea of guilty, your client understands and agrees to waive certain rights afforded to him by the Constitution of the United States and/or by statute, including: the right against self-incrimination with respect to the offense to which he is pleading guilty; the right to be tried by a jury, or by a judge sitting without a jury; the right to be assisted by an attorney at trial; and the right to confront and cross-examine witnesses. Your client further agrees that the District Judge should make any Sentencing Guidelines determinations.

9. Your client understands that subject to the provisions of paragraph four of this agreement, this Office reserves its full right of allocution for purposes of sentencing in this matter. In particular, the Government reserves its right to recommend a specific period of incarceration and fine up to the maximum sentence of incarceration and fine allowable by law. In addition, if in this plea agreement the Government has agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the Government reserves its right to full allocution in any post-sentence litigation in order to defend the Court's ultimate decision on such issues. Your client further understands that the Government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. In addition, your client acknowledges that the Government is not obligated and does not intend to file any downward departure sentencing motion under Section 5K1.1 of the Sentencing Guidelines and/or 18 U.S.C. Section 3553(e), or any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

The Government's Obligations, Acknowledgments, and Waivers:

10. This Office will withdraw the "Notice of Applicability of Enhanced Penalties and Information Concerning Defendant's Prior Convictions," which it filed in this case. This Office will also request that the Court dismiss the remaining counts of the indictment in this case at the time of sentencing. Your client, however, agrees and acknowledges that the charges to be dismissed at the time of sentencing were based in fact.

11. If your client is sentenced upon consideration of the Sentencing Guidelines, rather than pursuant to paragraph four of this agreement, the following terms apply: The Government agrees that the base offense level for the crimes to which your client is pleading guilty should be decreased

by three levels, pursuant to Sentencing Guidelines Section 3E1.1, based upon your client's acceptance of responsibility, provided that your client cooperates and is truthful and candid during the pre-sentence investigation, and does not attempt to obstruct justice, deceive, withhold, or otherwise mislead any law enforcement agent, the Court, the Probation Office, or the Government concerning any issue relevant to the imposition of sentence. Your client agrees not to seek any decreases in his base offense level other than those which are agreed to by the Government in this paragraph. Your client further agrees not to seek a downward departure for any reason from the otherwise applicable guideline range established by the Sentencing Guidelines. Your client understands and acknowledges that the position of the Government with respect to your client's base offense level, like any other recommendation made by this Office at the time of sentencing, is not binding on the Probation Office or the Court, neither of which are parties to this agreement. Your client understands and acknowledges that the failure of the Court to sentence your client in accordance with the terms of this paragraph shall not be grounds for your client to withdraw his plea of guilty in this case in the event sentence is imposed pursuant to this paragraph rather than pursuant to paragraph four.

General Conditions:

12.     This letter sets forth the entire understanding between the parties and constitutes the complete plea agreement between your client and the United States Attorney's Office for the District of Columbia. This agreement supersedes all prior understandings, promises, agreements, or conditions, if any, between this Office and your client.

13.     This agreement only binds the United States Attorney's Office for the District of Columbia. It does not bind any other United States Attorney's Office or any other office or agency of the United States Government, including, but not limited to, the Tax Division of the United States Department of Justice, the Internal Revenue Service of the United States Department of the Treasury, the Immigration and Customs Enforcement agency of the Department of Homeland Security, or any state or local prosecutor. These individuals and agencies remain free to prosecute your client for any offense(s) committed within their respective jurisdictions.

14. There are no other agreements, promises, understandings, or undertakings between your client and this Office. Your client understands and acknowledges that there can be no valid addition or alteration to this agreement unless the modification is made on the record in open Court or made in a writing signed by all of the parties.

> Sincerely,
>
> *Jeffrey A. Taylor /DM*
> Jeffrey A. Taylor
> United States Attorney
>
>
> *Gregory G. Marshall*
> Gregory G. Marshall
> Assistant United States Attorney

Defendant's Acceptance

I have read this plea agreement and have discussed it with my attorney, Mary Petras, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to fully understand this agreement. I am pleading guilty because I am in fact guilty of the offense identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 2/06/08

Russell Carlton Palmer
Defendant


Attorney's Acknowledgment

I have read each of the pages constituting this plea agreement, have reviewed them with my client, and have fully discussed the provisions of the agreement with my client. These pages accurately and completely set forth the entire plea agreement.

Date: 2/6/08

Mary Petras, Esq.
Attorney for the Defendant