UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA   : | |
| : | Criminal Case No. 07-207 (RJL) |
| v.   : | |
| : | |
| RUSSELL CARLTON PALMER,   : | |
| Defendant.   : | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits this memorandum in aid of sentencing in the above-referenced case. For the reasons that follow, and any other reasons that may be cited at the sentencing hearing, the United States respectfully requests that the Court sentence the defendant to a 156-month term of imprisonment.

## I. Background

On August 16, 2007, a grand jury returned a six-count indictment charging the defendant with various narcotics offenses. The defendant was charged with distribution of five grams or more of cocaine base on or about October 9, 2003 (count one); distribution of fifty grams or more of cocaine base on or about October 16, 2003 (count two); distribution of cocaine base on or about July 25, 2007 (count three); possession with intent to distribute ("PWID") cocaine base on or about July 25, 2007 (count four); PWID heroin on or about July 25, 2007 (count five); and PWID cannabis on or about July 25, 2007 (count six).

At a status hearing on December 17, 2007, the parties informed the Court that they had negotiated a Rule 11(c)(1)(C) plea agreement, and they subsequently forwarded a copy of the proposed agreement to the Court. At a status hearing on January 8, 2008, the parties outlined why they believed the proposed agreement – which set forth a sentencing range of 120 to 156 months of imprisonment for

a guilty plea to count two of the indictment – was appropriate.[1] The parties noted, inter alia, (i) that the defendant was 53 years of age; (ii) that the most significant criminal conduct for which the defendant was indicted in this case occurred in 2003, almost five years ago (the defendant's 2007 drug activity, standing alone, would not have merited federal charges); (iii) that even if the defendant were deemed a career offender under the Sentencing Guidelines, his criminal history was comparatively benign and remote, as he had two local felony drug convictions stemming from criminal conduct which occurred in 1985 and 1989, and two non-violent misdemeanor convictions from 1980 and 1985; and (iv) were the defendant not deemed a career offender, the parties believed his Guidelines range would be 87 to 108 months of incarceration (offense level 27, criminal history category III), less than the statutory mandatory-minimum of 120 months. In sum, the parties believed that the proposed agreement would be fair and just under these unique circumstances. The Court agreed and stated that it would accept the Rule 11(c)(1)(C) agreement.

On February 13, 2008, the Court presided over the defendant's plea hearing. The defendant pleaded guilty to count two of the indictment and agreed – both in writing and orally – with the government's proffer of evidence in support of the plea. The factual proffer was as follows:

> On October 9, 2003, in the area of the 700 block of Fifteenth Street in Northwest Washington, D.C., the defendant, Russell Carlton Palmer, sold 26.3 grams of cocaine base (also known as "crack") for $1,000 to an informant who was acting on behalf of law enforcement officers.
>
> On December 16, 2003, in the area of the 400 block of Lamont Street in Northwest Washington, D.C., the defendant sold 59.2 grams of cocaine base to the same informant for $2,000.

---

[1] The Rule 11(c)(1)(C) agreement "with respect to the appropriate sentence affects only the term of imprisonment; the otherwise applicable statutory and Sentencing Guidelines provisions are applicable to other sentencing incidents, such as a fine and term of supervised release." Plea Agreement (Document 13) ¶ 4.

>On July 25, 2007, in the area of the 700 block of Harvard Street in Northwest, Washington, D.C., the defendant sold two rocks of crack to an undercover police officer for $40. Thereafter on the same date, police offers recovered the following from inside of the defendant's automobile: 7.6 grams of cocaine base (which were packaged in two small ziplock bags), approximately 1.5 grams of heroin, 11.9 grams of marijuana (which were packaged in ten small ziplock bags), and $3,300 in United States currency.

Proffer of Evidence (Document 14) ¶¶ 1-3. See also Plea Agreement (Document 13) ¶ 3 (defendant agreed that he was "accountable for more than 50 grams but less than 150 grams of cocaine base").

## II. Discussion

The government respectfully submits that the Court should sentence the defendant at the high end of the agreed-to sentencing range – that is, to 156 months of imprisonment. The conviction in the instant case is the defendant's third felony narcotics conviction. The defendant's offense conduct for these three convictions occurred in 1985, 1989, and 2003, and the defendant also admitted to the Court that he engaged in drug dealing in July of 2007. Accordingly, despite his two prior felony convictions and jail terms, the defendant has evidently not yet been deterred from selling narcotics. A sentence at the high end of the 11(c)(1)(C) range (a range which is lower than the applicable range set forth per the Guidelines) would more likely serve to deter the defendant from engaging in like conduct in the future, and thus would be more protective of the public. In addition, a sentence of 156 months of imprisonment would more appropriately reflect the seriousness of the defendant's offense conduct, punish that conduct, and promote respect for the law.

In short, when balancing the factors set forth in 18 U.S.C. § 3553(a), the government believes that a 156-month term of incarceration is fair and just under the circumstances of this case.

WHEREFORE, for the foregoing reasons, the United States respectfully requests that the Court sentence the defendant to, <u>inter alia</u>, 156 months of imprisonment.

Respectfully submitted,

Jeffrey A. Taylor
United States Attorney
DC Bar No. 498610

By: /s/
_____
Gregory G. Marshall
Assistant United States Attorney
CT Bar No. 409959
555 Fourth Street, N.W., Room 4126
Washington, DC 20530
office: 353-7557; facsimile: 514-8707
gregory.marshall@usdoj.gov

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a copy of this pleading to be served upon defense counsel, via the electronic case filing system, this 2nd day of May, 2008.

/s/
_____
Gregory G. Marshall
Assistant United States Attorney